## In re KAVANAGH'S ESTATE.

### (Surrogate's Court, New York County. February 9, 1890.)

APPEAL—SUPERSEDEAS—BOND.

An undertaking on appeal filed by one of two residuary legatees, on the entry of a decree in the surrogate's court, directing a distribution of the residuary estate among the next of kin, does not stay the execution of the decree as to the entire residuary bequest, but only so far as may be necessary for the protection of the interests of the appealing legatee; the other residuary legatee having failed to appeal from a prior decree declaring the residuary bequest invalid.

Motion to enforce payment by the executors of the will of Benjamin A. Kavanagh, deceased, of the share to which petitioner, as one of the next of kin of deceased, was entitled under a decree of distribution. For former proceedings respecting this estate, see 5 N. Y. Supp. 676, 6 N. Y. Supp. 669.

*George W. Carr*, for petitioner. *James P. Campbell*, for executors.

RANSOM, S. By the will of decedent his estate was divided into three parts, one-third being given to one charitable institution, and two-thirds to another. Upon the proceeding for the probate, both of these bequests were held to be invalid. The residuary legatee to which two-thirds was bequeathed took no appeal from this decision, and its time to do so has expired. The other residuary legatee, however, appealed to the general term, where the decision of the surrogate was affirmed. 5 N. Y. Supp. 676. Several months have elapsed since the determination of the general term, but no appeal has yet been taken to the court of appeals, but its time to do so has not expired. Meanwhile a proceeding was commenced for the judicial settlement of the accounts of the executors, and a decree was filed directing distribution of the residuary estate among the next of kin. From this decree the appealing residuary legatee has appealed, and given an undertaking in the sum of $250. The present motion is brought by one of next of kin to enforce payment by the executors of the share to which he is entitled under the last-mentioned decree. The application is resisted by the executors, on the ground that they are stayed from executing the decree by the undertaking on appeal which has been filed. The undertaking filed was proper. I am of opinion, however, that the stay secured by the filing of this undertaking was intended only to prevent action by the executors, so far as may be necessary for the protection of the interests of the appellant. The executors should set aside and retain a sum sufficient to provide for a possible reversal on appeal, and then proceed to carry out the directions of the decree, so far as the same will not be affected by the success of the appellant. An order will be entered herein directing the executors to set aside an amount sufficient to pay the appellant one-third part of the residuary estate, interest on same, together with the expenses incidental to administration, or, in the alternative, that the application be granted.